**LAW OFFICES OF**
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

June 23, 2024

**MEMO ENDORSED**

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*United States v. Jose Cesari,* 24 Cr 154-1 (ER)

Dear Judge Ramos:

      I write in response to the Government's letter dated June 23, 2024 (DKt. # 62) in which they state that their representation regarding Mr. Cesari's possession of Identification documents in their letter to Your Honor (Dkt. # 55) and their representation to the Honorable Katherine Polk Failla at the June 18th bond hearing on their appeal of Magistrate Judge Barbara Moses pretrial release order were not accurate. What is most surprising is that they first learned of their error not from the law enforcement who participated in the search of Mr. Cesari's home; not from law enforcement who took pictures of the alleged documents; and not from the federal agent who sat next to the government during the bail hearing before Judge Failla when the misrepresentations were stated to the court.

      Moreover, although counsel had requested Fed.R. Evid 16 discovery from the Government prior to the bond appeal hearing as to all evidence upon which the Government would rely at the hearing, counsel did not receive the photographs of the identification documents until after the hearing. Perhaps if counsel had received the requested discovery the Government's error could have been corrected prior to the hearing. Counsel also did not receive a copy of the receipt of the evidence seized by law enforcement as a result of the search, which likewise might have shed light on the existence of the alleged identification documents in Mr. Cesari's possession.

      In as much as Judge Failla, upon the Government's request, set as a condition of Mr. Cesari's release, the depositing with Pretrial Services of all the identification documents which the Government had alleged were present in the home, counsel directed the family to search for the documents. Their search turned up only pieces of paper with photographs of identification documents-some of the papers had the photograph of more than one identification document on

the paper. Counsel than advised the Government on the lack of the identification documents in the residence.

Despite the fact that Mr. Cesari's possession of these identification documents consists of photographs of the documents on a piece of paper (identical to the photographs in the Government's possession), the Government continues to contend that Mr. Cesari's possession of pieces of paper with photographs of documents makes him a flight risk. See Gov't Ltr at 2. We disagree. We also suggest that if the Government's conclusion regarding these pieces of papers as to Mr. Cesari's risk of flight was a reasonable conclusion, surely the law enforcement officers involved in the search of Mr. Cesari's residence, would have seized the papers which they did not. They simply photographed the papers.

We ask that the Court make clear that Mr. Cesari's obligation to comply with the condition of bond is to deposit with pretrial services, the papers on which there are photographs of a variety of identification documents including: a U.S. passport, a green card, social security cards not in Mr. Cesari's name, and state-issued ID's not issued to Mr. Cesari.

Respectfully submitted,
/s/
Donna R. Newman
Cc: AUSA Joseph H. Rosenberg via email and ECF
    AUSA Adam Z. Margulies via email and ECF


So Ordered.

Edgardo Ramos, U.S.D.J.
Dated: 6/25/2024
New York, New York